# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS MARWIN HOLDER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-CV-1649 AGF |
| | ) | |
| CITY OF FLORRISANT, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff, Demetrius Marwin Holder, filed this action on November 19, 2020, seeking relief from his violations imposed upon him by the City of Florissant. After a review of the record before the Court, this action will be remanded to the St. Louis County criminal cases from which these cases were removed.

## Background

On November 19, 2020, plaintiff Demetrius Marwin Holder filed a notice of removal from St. Louis County Court seeking to remove six cases prosecuted against him by the City of Florissant in Florissant Municipal Court. *See* Case Nos. 200627299, 200627300, 200627301, 200627302, 200627303, 2006304.

It appears that the municipal cases arose when plaintiff was driving his car on November 19, 2020, at approximately 4:19 pm on Route 1545 N. When Offer Fels pulled him over he ticketed him for several offenses, including: driving while his license was suspended/revoked; obstructed license plate; failure to register a motor vehicle; failure to maintain insurance; failure to obey the

1

reasonable direction of an officer; and failure to display a tag/placard furnished by the Department of Revenue.

In his five-page complaint, plaintiff does not mention the substantive cases against him in municipal court except for one statement on his civil cover sheet. He states that the basis of his case against defendant is "diversity" and that his cause of action is 15 U.S.C. § 1692e. Plaintiff further states that his case arises from "false and misleading misrepresentations." Plaintiff seeks $7 million dollars for compensation in this action.

## Discussion

Plaintiff attempts to remove his criminal charges to federal court pursuant to several statutes: 28 U.S.C. §§ 1331, 1441[1], 1692e[2] and 1446. As explained below, however, none of those provisions—or, for that matter, any other federal statute—provides a basis for removal of the state-court proceedings.

Section 28 U.S.C. § 1331 cannot be the basis for removal of a case from state court, as this statute can only be used to initiate original civil actions in federal court.[3] It cannot be used for removal of criminal actions from state court.[4]

---

[1] 28 U.S.C. § 1441 refers to removal of *civil* actions. Plaintiff is attempting to remove *criminal* actions to this Court. Thus, § 1441 is inapplicable.
[2] 28 U.S.C. § 1692e is titled "False or misleading representations." It does not provide a basis for removal of a criminal action.
[3] Similarly, 28 U.S.C. § 1445 does not, itself, provide a substantive basis for removal jurisdiction, but merely sets forth the procedural requirements for removing a criminal case from state court. *See* 28 U.S.C. § 1445.
[4] 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2

That said, the Court notes that three federal statutes allow for the removal of certain criminal prosecutions from state to federal court. Those statutes are extraordinarily limited, however, and none of the three statutes allows for removal of this matter.

First, 28 U.S.C. § 1442 provides that civil and criminal actions commenced in state court against the United States itself and against officers of the United States acting under color of office may be removed to federal court. Nothing in plaintiff's notice of removal or any of the other documents filed by plaintiff indicates that he is a federal officer or otherwise meets the requirements of § 1442. Plaintiff has not sought to invoke § 1442, and there is no reason to believe that plaintiff could have successfully invoked § 1442 if he had tried.

Second, 28 U.S.C. § 1442a allows for removal "of a civil or criminal prosecution in a court of a State of the United States against a member of the armed forces of the United States" who was acting under color of his status as a member of the armed forces. There is similarly no indication in the documents filed by plaintiff that he is a member of the United States armed forces or that he was acting under color of his status as a member of the armed forces. Plaintiff therefore cannot invoke (and has **not** tried to invoke) 28 U.S.C. § 1442a.

Third, § 1443 states of Title 28 states, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . .

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law

"Removal jurisdiction under § 1443(1) is very limited. Generally 'the vindication of the defendant's federal rights is left to the state courts.'" *Minnesota v. Bey,* Nos. 12–CR–0256 & 12–CR–0257 (JRT), 2012 WL 6139223, at *1 (D.Minn. Dec. 11, 2012) (quoting *City of Greenwood v. Peacock,* 384 U.S. 808, 828 (1966)). In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal [plaintiff] arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal [plaintiff] is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi,* 421 U.S. 213, 219 (1975) (quotations omitted).

Plaintiff satisfies neither prong of this test. Although plaintiff alleges that his constitutional rights are being violated in state court, plaintiff has pointed to nothing indicating that the State of Missouri has violated his rights on account of his race. "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice" to remove a case under § 1443(1). *Id.*

With respect to the second prong, there are no allegations offered by plaintiff from which the Court could conclude that the state courts cannot vindicate his federal constitutional rights. As such, plaintiff may not invoke § 1443(1) as a basis for removing this prosecution to federal court.

Section 1443(2) is no more availing. That provision "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood,* 384

U.S. at 824. As noted above, there is no indication from the documents filed by plaintiff that he is a federal officer or agent. Nor is there any indication that plaintiff was executing duties under federal law providing for equal civil rights. Plaintiff therefore cannot remove the criminal proceedings under § 1443(2).

Last, the Court notes that plaintiff has filed a motion for default judgment. Plaintiff, however, has not properly served defendant with service of summons. Under Federal Rule of Civil Procedure 4, a "summons must: (A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of…the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal." Fed. R. Civ. P. 4(a)(1).

There is no indication that such a summons has been issued by the Clerk of Court, served on defendants, and returned executed. Instead, attached to plaintiff's motion for default are subpoenas to produce documents, information, or objects, or to permit inspection of premises in a civil action. These subpoenas do not comply with the requirements of a summons in Fed. R. Civ. P. 4(a)(1). For this reason, the Court will deny plaintiff's motion for default judgment.

## Conclusion

Plaintiff, who is seeking leave to proceed in forma pauperis in this Court, filed a pro se request for removal of a criminal action from St. Louis County Court. Although plaintiff failed to attach of copy of the state criminal file, this Court has accessed the file through a subscription to Missouri.Case.Net, upon which this Court takes judicial notice.

"If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). For the reasons provided above, removal cannot be permitted in this case. The Court therefore summarily remands this matter to the St. Louis County cases from which they came.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the criminal cases from which they came in St. Louis County Circuit Court. *See* Case Nos. 200627299, 200627300, 200627301, 200627302, 200627303, 2006304.

**IT IS FURTHER ORDERED** that the Clerk shall forward a certified copy of this Order to the St. Louis County Circuit Court, with reference to Case Nos. 200627299, 200627300, 200627301, 200627302, 200627303, 2006304.

**IT IS FURTHER ORDERED** that plaintiff's motion for default judgment [Doc. #2] is **DENIED**. Plaintiff did not comply with proper service in accordance with Fed.R.Civ.P.4.

Dated this 22nd day of January, 2021.

*Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE